# Exhibit 1

02/27/2015 0 & 6 3:05pm M.T



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARK E ROBINSON
Vs.
DISTRICT OF COLUMBIA

C.A. No. 2015 CA 000726 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M CAMPBELL
Date: January 30, 2015
Initial Conference: 9:30 am, Friday, April 03, 2015
Location: Courtroom 519
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Mark Robinson
Plaintiff

vs.

15-0000720
Case Number

District of Columbia
Serve: Attorney General
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kenneth E. McPherson #419177
Name of Plaintiff's Attorney

6801 Kenilworth Ave #202
Address
Riverdale, MD 20737

301-277-4727
Telephone

Clerk of the Court

By ______________________
Deputy Clerk

Date ______________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, ***DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

MARK E. ROBINSON
15627 Chadsey Lane
Brandywine, Maryland 20613

Plaintiff

v.

DISTRICT OF COLUMBIA
300 Indiana Avenue, N.W.
Washington, D. C. 20001

SERVE ON:

Mayor Muriel Bowser
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

Defendant

: Case Number: 15 - 0000720




## COMPLAINT FOR MONETARY DAMAGES

COMES NOW the Plaintiff, MARK E. ROBINSON, through counsel, Kenneth E. McPherson, Esq., and hereby files his Complaint for Injunctive Relief and Monetary Damages against the District of Columbia, on the following grounds:

## PARTIES

1. The Plaintiff, MARK E. ROBINSON, is a black male, age 49, employed as a sworn law enforcement officer of the Metropolitan Police Department of Defendant District of Columbia. The Plaintiff resides in Prince George's County, Maryland.

2. Defendant DISTRICT OF COLUMBIA ("MPD") is an employer within the meaning of Title VII.

## NATURE OF ACTION

3. This civil action is brought under 42 U.S.C. 2000e-2, commonly referred to as Title VII, which prohibits employment discrimination based on race and gender and retaliation against employees who complain of such discrimination and 42 U.S.C § 1981a which makes employers liable for unlawful intentional discrimination and retaliation against an employee who exercised his statutory right to complain of employment discrimination.

4. The Superior Court has jurisdiction over this matter to grant relief authorized by law and equitable relief under D.C. Code 11-921(a)(6) because the federal substantive laws upon which the Plaintiff's claims are based do not fall within the exclusive jurisdiction of the Federal Courts. See, D.C. Code 11-921(b).

5. The adverse action upon which this Complaint is based was taken in February 2014 when the Plaintiff was denied assignment to the Automated Traffic Enforcement Unit ("ATEU") and denied overtime opportunities available within the ATEU because of his race and in retaliation for recent complaints of race discrimination he had made against the Employer.

6. On May 1, 2014, the Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC charge no. 570-2014-01152) alleging discrimination on the basis of race and retaliation. See, EXHIBIT 1.

7. On November 18, 2014, the EEOC issued a right to sue letter to the Plaintiff. See, EXHIBIT 2.

**FACTS RELEVANT TO ALL COUNTS:**

8. The Plaintiff was hired by MPD on April 23, 1990. He was detailed to the ATEU in 2004 and assigned to the ATEU on April 13, 2008. The Plaintiff became a Sergeant in November 2004.

9. The Plaintiff is certified to operate all radar and digital speed measuring equipment utilized by MPD. The Plaintiff became a certified instructor of photo radar equipment in 2000. The Plaintiff is a co-author of MPD's handbook establishing guidelines for the use of radar and digital speed measuring equipment.

10. On December 18, 2011, the Plaintiff was detailed out of the ATEU ostensibly because MPD was transforming the ATEU into a civilian unit.

11. MPD has never transformed the ATEU into a civilian unit; instead, it has detailed sworn officers to the ATEU who have lower seniority than the Plaintiff and are less qualified than the Plaintiff to work within the ATEU.

12. In December 2012, the Plaintiff filed an EEOC Charge alleging race discrimination against MPD. After the conclusion of the administrative process, the Plaintiff filed a civil action against MPD for unlawful race discrimination and unlawful retaliation under the District of Columbia Whistleblower Protection Act.[1]

13. From February 2014 to the present, the Plaintiff has requested to be returned back to the ATEU unit where he is eminently qualified to work because of his training, experience, and certifications.

---

[1] Said action (number 13-cv-01297-ESH) was dismissed in January 2014 by the U.S. District Court for the District of Columbia on the ground that the Plaintiff's claims were barred by judicial estoppel because the Plaintiff received a discharge in bankruptcy while his EEOC claim was pending.

14. From February 2014 to the present, the Plaintiff has requested to work overtime opportunities that were available through the ATEU where he is still assigned but detailed out to SEB.

15. MPD denied all of the Plaintiff's requests and instead assigned officers to the ATEU and granted overtime requests to officers who were not of the black race and who were less qualified and less experienced than the Plaintiff.

16. There was no legitimate non-discriminatory reason for MPD to choose the less experienced and less qualified officers over the Plaintiff each and every shift and over time opportunity since February 2014.

17. The act of depriving the Plaintiff an assignment and overtime opportunities constitutes an adverse tangible employment action against the Plaintiff.

18. Defendant's supervisors knew of the Plaintiff's complaint of race discrimination at the times they denied the Plaintiff the assignments and overtime opportunities in favor of less qualified and less experienced employees.

**COUNT 1**

**(Title VII - Federal Employment Discrimination Claim - discrimination based on Plaintiff's race)**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

19. The Plaintiff was, for purposes of the federal anti-discrimination statutes (42 U.S.C. §2000e *et seq.*), an employee of MPD.

20. The adverse tangible employment action taken against the Plaintiff, described above, which continues to date, was unlawful discrimination based on the Plaintiff's race (black).

21. The unlawful discriminatory employment action committed against the Plaintiff has directly and proximately caused the Plaintiff to suffer, and he will continue to suffer, damages in the form of lost wages (back and front pay) and other benefits of employment, emotional pain, mental distress, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience. Said discrimination also caused the Plaintiff to suffer physical problems symptomatic of the stress he endured as a result of knowing that he was unlawfully discriminated against on the basis of his race.

## COUNT 2

### (Title VII - Federal Employment Discrimination Claim based on Retaliation)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

22. Immediately prior to the adverse employment actions against the Plaintiff, he was pursuing a discrimination claim against MPD for race discrimination. See, *Robinson v. District of Columbia, et al.*, case number 13-cv-01297-ESH, in the U. S. District Court for the District of Columbia.

23. Complaints of employment discrimination are statutorily protected activity under Title VII.

24. The adverse tangible employment action taken against the Plaintiff in February 2014, as described above, and continuing to date, was retaliation against the Plaintiff for complaining about race discrimination.

25. As a direct and proximate result of the unlawful retaliation against the Plaintiff, he suffered the effects and damages described above in Paragraph 21.

**WHEREFORE**, the Plaintiff, MARK E. ROBINSON, seeks judgment in his favor against Defendant DISTRICT OF COLUMBIA and the following equitable and

monetary relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Enjoin Defendant from engaging in such conduct in the future;

3. Restore Plaintiff to his rightful place within the Automated Traffic Enforcement Unit, or in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

4. Award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

5. Award Plaintiff compensatory damages of $300,000.00;

6. Award Plaintiff costs and attorney's fees; and

7. Grant such other relief as may be just and proper.

8. Such other and further relief as the court deems just and proper.

**COUNT 3**

**(Civil Rights Action under 42 U.S.C. § 1981a - Race)**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

26. MPD's decision not to assign the Plaintiff to the ATEU or to grant the Plaintiff overtime work was the product of unlawful discrimination.

27. MPD's employment decisions were unlawful discrimination because the Plaintiff's race was a motivating factor in those decisions.

28. As a direct and proximate result of MPD's unlawful discrimination against the Plaintiff, he suffered the effects and damages described above

in Paragraph 21.

## COUNT 4

### (Civil Rights Action under 42 U.S.C. § 1981a - Retaliation)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

29. MPD's decision not to assign the Plaintiff to the ATEU or to grant the Plaintiff overtime work was the product of unlawful discrimination.

30. MPD's employment decisions were unlawful discrimination because they were made in retaliation for the Plaintiff recently complaining about racial discrimination.

31. As a direct and proximate result of MPD's unlawful retaliation against the Plaintiff, he suffered the effects and damages described above in Paragraph 21.

**WHEREFORE**, the Plaintiff, MARK E. ROBINSON, seeks judgment in his favor against Defendant DISTRICT OF COLUMBIA and the following equitable and monetary relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Enjoin Defendant from engaging in such conduct in the future;

3. Restore Plaintiff to his rightful place within the Automated Traffic Enforcement Unit, or in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

4. Award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

5. Award Plaintiff compensatory damages of $300,000.00;
6. Award Plaintiff costs and attorney's fees; and
7. Grant such other relief as may be just and proper.
8. Such other and further relief as the court deems just and proper.

**COUNT 5**

**(Violation of the D. C. Human Rights Act)**

The Plaintiff hereby incorporates all of the allegations made above, and alleges further:

32. MPD's discriminatory conduct against the Plaintiff, as described above, by reason of his race (a protected class) rather than his individual merit, constitutes a violation of the District of Columbia Human Rights Act, D.C.Code § 2-1402.11. (2001).

33. MPD's retaliatory conduct against the Plaintiff, as described above, on account of the Plaintiff having previously exercised his right to complain about race discrimination constitutes a violation of the District of Columbia Human Rights Act, D.C.Code § 2-1402.61. (2001).

34. As a direct and proximate result of MPD's unlawful discrimination and retaliation against the Plaintiff, he suffered the effects and damages described above in Paragraph 21.

**WHEREFORE**, the Plaintiff, MARK E. ROBINSON, seeks judgment in his favor against Defendant DISTRICT OF COLUMBIA and the following equitable and monetary relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Enjoin Defendant from engaging in such conduct in the future;

3. Restore Plaintiff to his rightful place within the Automated Traffic Enforcement Unit, or in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

4. Award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

5. Award Plaintiff compensatory damages of $1,000,000.00;

6. Award Plaintiff costs and attorney's fees; and

7. Grant such other relief as may be just and proper.

8. Such other and further relief as the court deems just and proper.

Respectfully submitted,

Kenneth E. McPherson, Bar #419177
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 cell
301-699-8706 fax
kemlawyer@gmail.com

*Attorney for Plaintiff*

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

MARK E. ROBINSON
15627 Chadsey Lane
Brandywine, Maryland 20613

Plaintiff

v. : Case Number: __________

DISTRICT OF COLUMBIA
300 Indiana Avenue, N.W.
Washington, D. C. 20001

Defendant

**JURY DEMAND**

The Plaintiff, MARK E. ROBINSON, through his attorney, hereby exercises his right to a jury trial on all facts and claims to which he is entitled to a jury trial and on any defenses raised by the Defendant.

Respectfully submitted,

Kenneth E. McPherson, Bar #419177
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 cell
301-699-8706 fax
kemlawyer@gmail.com

*Attorney for Plaintiff*