UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARK E. ROBINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-0444 (RC) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Mark Robinson, an employee of the Metropolitan Police Department for the District of Columbia (the "MPD") filed this action against Defendant the District of Columbia (the "District") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981(a), and the D.C. Human Rights Act, D.C. Code § 2-1402.02 *et seq.* Plaintiff originally brought this action in Superior Court for the District of Columbia, and the District of Columbia removed to this court. *See* Notice of Removal, ECF No. 1. Mr. Robinson alleges that the MPD's decision to deny him both assignment to the MPD's Automated Traffic Enforcement Unit (the "ATEU") and overtime opportunities within the ATEU was unlawful discrimination based on his race and retaliation for his prior complaints of racial discrimination against the MPD. *See* Compl. ¶ 5, ECF No. 5-1 at 11–19.

Before the Court is the District's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def's Mot. Dismiss, ECF No. 7. The District originally moved to dismiss all counts of Mr. Robinson's Complaint, but, in reply to Mr.

Robinson's partial opposition to the motion, withdrew the motion as to Counts I, II, and V. *See* Def.'s Reply at 1, ECF No. 10.

## II.  FACTUAL BACKGROUND

Mr. Robinson was hired by the MPD in 1990 and was promoted to Sergeant in 2004. *See* Compl. ¶ 8. Mr. Robinson was assigned a detail with the ATEU in 2004 and was fully assigned to the ATEU in 2008. *See id.* According to Mr. Robinson, he was transferred out of the ATEU in 2011 because the ATEU was being transformed into a civilian unit. *See id.* ¶ 10. Mr. Robinson alleges, however, that the MPD never transformed the ATEU into a civilian unit and instead detailed sworn MPD officers of lower seniority and lesser qualifications than Mr. Robinson to the ATEU. *See id.* ¶ 11. In 2012, Mr. Robinson filed a charge with the Equal Opportunity Commission ("EEOC") against the MPD, alleging race discrimination. *See id.* ¶ 12.

In October 2013, at the conclusion of the EEOC's administrative process, Mr. Robinson filed a civil complaint in this Court against the MPD for unlawful race discrimination and retaliation. *See* Am. Compl. at 4–6, *Robinson v. District of Columbia*, Civ. No. 1:13-cv-1297, ECF No. 11 (D.D.C. Oct. 18, 2013). The Court dismissed that action in January 2014 on the grounds that Mr. Robinson's claims were barred by judicial estoppel because Mr. Robinson received a discharge in bankruptcy while his EEOC claim was pending. *See Robinson v. District of Columbia*, 10 F. Supp. 3d 181, 190 (D.D.C. 2014).

Mr. Robinson claims that, from February 2014 until at least the filing of his Complaint in this action, he requested reassignment to the ATEU and, in lieu of a permanent assignment to the ATEU, also requested to work overtime assignments in the ATEU while being detailed to another unit. *See* Compl. ¶¶ 13–14. Mr. Robinson claims that, despite his qualifications for work in the ATEU based on his training, experience, and qualifications, the MPD denied all of

his requests. *See id.* ¶¶ 13–15. Mr. Robinson claims that non-black officers of lesser qualifications and experience were, however, assigned to the ATEU and were granted overtime requests within the ATEU. *See id.* Mr. Robinson claims that there was no legitimate, non-discriminatory reason for the MPD to select the non-black officers for each and every regular and overtime shift within the ATEU since February of 2014. *See id.* ¶ 16.

Mr. Robinson filed this action in January 2015, asserting six claims against the District (two of which are grouped under Count V): race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), retaliation under Title VII (Count II), race discrimination under 42 U.S.C. § 1981(a) (Count III), retaliation under § 1981(a) (Count IV), race discrimination under the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.* (Count V), and retaliation under the D.C Human Rights Act (Count V).

### III.  ANALYSIS

The District originally moved to dismiss all counts of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. Dismiss. In its motion, the District argued that all counts should be dismissed under the doctrine of claim preclusion based upon Mr. Robinson's previously dismissed action. *See id.* at 3–5. The District further argued that Counts III and IV of the Complaint should also be dismissed because 42 U.S.C. § 1981(a) does not provide an independent cause of action, and, even assuming that Mr. Robinson intended to assert his claim under the enforcement mechanism of 42 U.S.C. § 1983, he failed to plead sufficient facts to support liability under that provision. *See id.* at 5–7.

Mr. Robinson filed an opposition to the motion, arguing that the doctrine of claim preclusion is inapplicable, because his claims are based on distinct employment actions taken after the dismissal of his prior action. *See* Pl.'s Opp'n, ECF No. 9. In its reply, the District

withdrew its motion with respect to Counts I, II, and V.  *See* Def.'s Reply at 1.  Accordingly, the Court need not address the arguments made in support of and in opposition to the dismissal of those Counts, and those counts shall remain.

With respect to Counts III and IV, Mr. Robinson states in his opposition that he "chooses not to oppose" the District's motion "on the substantive ground" that the District asserted.  *See* Pl.'s Opp'n at 1.  The Court interprets Mr. Robinson's statement, as well as his decision to address only the issue of claim preclusion in his opposition, to mean that he concedes the District's argument that those counts should be dismissed because 42 U.S.C. § 1981(a) does not provide an independent cause of action and that he failed to state a claim for relief under 42 U.S.C. § 1983.  *See Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").  Accordingly, the Court will grant the District's motion with respect to Counts III and IV as conceded.[1]

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss with respect to Counts III and IV of the Complaint and deny Defendant's Motion to Dismiss with respect to Counts I, II, and V of the Complaint.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 15, 2015                                                                        RUDOLPH CONTRERAS
                                                                                                                United States District Judge

---

[1] The Court does not address whether claim preclusion provides independent grounds to dismiss Counts III and IV.