**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK E. ROBINSON, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br> DISTRICT OF COLUMBIA, )<br> )<br> Defendant. )<br>————————————————— ) | Case No. 1:15-cv-444 (RC) |

## DEFENDANT THE DISTRICT OF COLUMBIA'S ANSWER TO COMPLAINT

Defendant the District of Columbia, by and through its undersigned counsel, answers

Plaintiff Mark E. Robinson's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As to each numbered paragraph in Plaintiff's Complaint, Defendant responds as follows[1]:

### COMPLAINT

1.      Defendant is without sufficient information to admit or deny the allegations of

Paragraph 1 of the Complaint and therefore denies the same.

2.      Admitted.

### NATURE OF ACTION

3.      The allegations in Paragraph 3 are the legal conclusions of the Plaintiff to which

no response is required.  To the extent that a response is required, Defendant denies same.

---

[1] For convenience and ease of reference only, the District shall utilize the headings appearing in Plaintiff's
Complaint in providing its response to the paragraphs contained therein.

4.      The District recognizes the statute cited in Paragraph 4, but does not admit that jurisdiction is necessarily conferred thereby.

5.      Denied.

6.      Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission on May 1, 2014 alleging racial discrimination and retaliation, but denies the substance of that charge, and all other allegations contained in paragraph 6.

7.      Admitted.

## FACTS RELEVANT TO ALL COUNTS:

8.      Defendant admits that Plaintiff's employment with MPD commenced on April 23, 1990 and that Plaintiff was assigned to the ATEU on April 13, 2008.  Defendant denies that Plaintiff became a sergeant in November 2004.  Defendant is without sufficient information to confirm or deny that Plaintiff was detailed to the ATEU in 2004 and therefore denies the same.

9.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10.      Defendant admits that Plaintiff was detailed out of the ATEU in December 2011 because of the civilianization of the ATEU.

11.      Denied.

12.      Defendant denies that Plaintiff filed an EEOC charge in December 2012.[2]

13.      Defendant admits that since February 2014, Plaintiff has made at least one request to be returned to the ATEU.  Defendant denies the remaining allegations of Paragraph 13.

---

[2] Pertaining to the allegations in Footnote 1 of Plaintiff's Complaint, Defendant admits that Case No. 1:13-cv-1297 (ESH) was dismissed in January 2014 on the grounds of judicial estoppel but denies that the basis of the estoppel was because "Plaintiff received a discharge in bankruptcy while his EEOC claim was pending."

14.     Defendant admits that since February 2014, Plaintiff has made at least one request to work overtime opportunities in the ATEU.  Defendant denies the remaining allegations of Paragraph 14.

15.     Defendant admits that Plaintiff's requests referenced in Paragraphs 13 and 14 were denied.  Defendant denies the remaining allegations of Paragraph 15.

16.     Denied.

17.     The allegations in Paragraph 17 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

18.     Denied.

## COUNT I (Title VII – Federal Employment Discrimination Claim – discrimination based on Plaintiff's race)

19.     Admitted.

20.     The allegations in Paragraph 20 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

21.     The allegations in Paragraph 21 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

## COUNT II (Title VII – Federal Employment Discrimination Claim based on Retaliation)

22.     Defendant recognizes the case cited in Paragraph 22, but denies the remaining allegations of Paragraph 22.

23.     The allegations in Paragraph 23 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

24.     The allegations in Paragraph 24 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

25.    The allegations in Paragraph 25 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

Defendant denies that Plaintiff is entitled to judgment and the other relief sought in the "Wherefore" paragraph and its subparts on Pages 5-6 of the Complaint.

### COUNT III (Civil Rights Action under 42 U.S.C. § 1981a – Race)

26.    This claim has been dismissed, and therefore no response to Paragraph 26 is required.

27.    This claim has been dismissed, and therefore no response to Paragraph 27 is required.

28.    This claim has been dismissed, and therefore no response to Paragraph 28 is required.

### COUNT IV (Civil Rights Action under 42 U.S.C. § 1981a – Retaliation)

29.    This claim has been dismissed, and therefore no response to Paragraph 29 is required.

30.    This claim has been dismissed, and therefore no response to Paragraph 30 is required.

31.    This claim has been dismissed, and therefore no response to Paragraph 31 is required.

Counts III and IV have been dismissed, therefore no response to the "Wherefore" paragraph and its subparts on Pages 7-8 is required.

### COUNT V (Violation of the D.C. Human Rights Act)

32.    The allegations in Paragraph 32 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

33.    The allegations in Paragraph 33 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

34.    The allegations in Paragraph 34 are the legal conclusions of the Plaintiff to which no response is required.  To the extent that a response is required, Defendant denies same.

Defendant denies that Plaintiff is entitled to judgment and the other relief sought in the "Wherefore" paragraph and its subparts on Pages 8-9 of the Complaint.  Defendant denies any other allegation in the Complaint not specifically admitted above.

### THIRD DEFENSE

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

### FOURTH DEFENSE

Defendant, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### FIFTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries may have been the result of his own intentional, willful, illegal, and/or otherwise wrongful conduct.

### SIXTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages may have been the result of the criminal acts of a person or persons other than

Defendant, its agents, servants, and/or employees acting within the course and scope of their employment.

## SEVENTH DEFENSE

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

## EIGHTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Defendant, its agents, servants, and/or employees acting within the course and scope of their employment.

## NINTH DEFENSE

At all times relevant herein, Defendant, its agents, servants, and/or employees acting within the course and scope of their employment have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

## TENTH DEFENSE

Defendant asserts immunity, sovereign immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

## ELEVENTH DEFENSE

Acts or omissions of Defendant, its agents, servants, and/or employees acting within the course and scope of their employment were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRTEENTH DEFENSE

The applicable statute of limitations and/or laches may bar Plaintiff's claims.

## FOURTEENTH DEFENSE

Plaintiff may have failed to fully comply with D.C. Code § 12-309.

## FIFTEENTH DEFENSE

Plaintiff's claim may be barred by the public duty doctrine.

## SIXTEENTH DEFENSE

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

## SEVENTEENTH DEFENSE

Plaintiff's EEOC claims might not have been filed in a timely fashion.

## EIGHTEENTH DEFENSE

All actions taken by defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

## NINTEENTH DEFENSE

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

## TWENTIETH DEFENSE

Defendant reserves the right to amend its Answer to the Complaint and to raise any additional defenses that the evidence in discovery may reveal.

## SET-OFF

Defendant asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

## JURY DEMAND

Defendant hereby demands a trial by jury, with the maximum number of jurors permitted by law.

WHEREFORE, having fully answered the Complaint filed herein, Defendant prays that the same be dismissed, and that it recover its costs of suit expended herein.

DATED:  February 3, 2017                    Respectfully submitted

                                            KARL A. RACINE
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            /s/ Michael K. Addo
                                            MICHAEL K. ADDO [1008971]
                                            Chief, Civil Litigation Division Section IV

                                            /s/ Philip A. Medley
                                            PHILIP A. MEDLEY [1010307]
                                            Assistant Attorney General
                                            441 Fourth Street, N.W., Suite 630 South
                                            Washington, D.C. 20001
                                            (202) 724-6626
                                            (202) 741-5920 (fax)
                                            philip.medley@dc.gov

                                            Attorneys for the Defendant