# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARK E. ROBINSON, | : | | |
| Plaintiff, | : | Civil Action No.: | 15-0444 (RC) |
| v. | : | Re Document No.: | 31 |
| DISTRICT OF COLUMBIA, | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S RULE 54(b) MOTION FOR RECONSIDERATION [31]

## I. INTRODUCTION

Plaintiff Mark Robinson, a Sergeant with the Metropolitan Police Department ("MPD") worked in the Automated Traffic Enforcement Unit ("ATEU") full-time starting in 2008. In December 2011, Mr. Robinson was transferred out of the ATEU as part of a civilianization of the Unit. Although MPD asserts that no sworn officers worked in the ATEU full-time after 2011, the Overtime Program continued, meaning hundreds of officers were able to work there outside of their normal assignments. Mr. Robinson's requests to work overtime in ATEU, however, were denied. He believes he was transferred out of the ATEU and denied overtime opportunities because of his race, and thus sues for discrimination. He also believes that his requests for reassignment to the ATEU and overtime were continuously denied because he previously had complained of discrimination, and thus also sues for retaliation.

The District of Columbia moved to dismiss his claims, arguing that neither the reassignment from the ATEU nor the denial of overtime opportunities constituted sufficiently adverse employment actions to support a lawsuit under Title VII of the Civil Rights Act of 1964.

It further argued that it had a nondiscriminatory reason for transferring Mr. Robinson—it civilianized the unit, and thus no sworn officer worked in the ATEU on a full-time basis after the transition in 2011. On August 1, 2017, this Court granted in part and denied in part that motion concluding that civilianization of the ATEU was indeed a valid nondiscriminatory reason for Mr. Robinson's transfer, and Mr. Robinson had not shown any indication that it was not the actual reason that he was transferred. Thus, the Court granted Defendant summary judgment with respect to Plaintiff's claim that his transfer from the ATEU was discriminatory or retaliatory. But because Mr. Robinson had shown that he sought out and was denied a significant amount of overtime work in the ATEU while other sworn officers were allowed to work in the ATEU Overtime Program, the Court concluded that Plaintiff had shown that he suffered an adverse employment action in the form of loss of significant overtime opportunities. Thus, the Court denied the District summary judgment for that denial of overtime claim.

The District has now moved for reconsideration of the Court's denial of summary judgment over Plaintiff's denial of overtime claim. Because the District could have raised its newly refined argument concerning adverse employment actions in its prior motion but failed to do so, reconsideration is not merited. Nor has the District otherwise established that it has met the requirements meriting reconsideration under Rule 54. Regardless, the District's argument fails to show that there are no material facts in dispute entitling it to summary judgment on this claim. Consequently, the motion for summary judgment is denied.

## II. LEGAL STANDARDS FOR RECONSIDERATION

Federal Rule of Civil Procedure 54(b) governs situations in which a party seeks reconsideration of an interlocutory order. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Relief pursuant to Rule 54(b) is to be provided "as justice requires," and may be warranted when a court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred." *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (internal citation, quotation, and alteration omitted); *see also Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004). "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting *Cobell*, 224 F.R.D. at 272) (alteration in original).

At the same time, a court's discretion under Rule 54(b) is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." S*ingh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotations and citations omitted). Under Rule 54, "[t]he burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *Second Chance Body Armor*, 893 F.Supp.2d at 268 (citing *Husayn v. Gates*, 588 F.Supp.2d 7, 10 (D.D.C.2008)). And it is well-established that motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced

3

earlier. *See Bailey v. U.S. Marshal Serv.*, No. 08-cv-0283, 2009 WL 973197, at *2 (D.D.C. Apr. 2, 2009).

### III. ANALYSIS

The entirety of the District's motion for reconsideration is premised on what appears to be a refinement of its prior argument that plaintiff's denial of overtime claim fails because he has failed to allege a sufficiently adverse action on which to premise a discrimination or retaliation claim. This refinement also is based on *Bell v. Gonzales*, 398 F. Supp. 2d 78 (D.D.C. 2005), a case the District also cited and analyzed in its previous motion for summary judgment. But as set forth above, motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier. This is exactly what the District attempts with the instant motion for reconsideration. On this basis alone, the motion is properly denied. Nor does the District's motion for reconsideration alert the Court to new facts or a significant change in the law that could not have been addressed in its prior motion. To the contrary, the District's motion simply attempts to refine its prior arguments based on the same case law it had previously relied upon.[1] Neither does the District's motion direct the Court's attention to any instances in which it patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data. In short, the District has failed to provide the Court with any meritorious basis upon which to grant it reconsideration.

---

[1] When asked during a status hearing whether counsel for defendant had previously addressed his reconsideration argument in the District's motion for summary judgment, he responded "Yes. I just gave it rather short shrift."

4

Regardless, even considering anew the District's recycled argument the motion fails. The single point raised in the motion for reconsideration is that plaintiff's claim does not amount to an adverse action because, although he alleges that he was not able to obtain as many overtime hours as he used to obtain in the ATEU, he "has not shown (or even alleged) that he did not have other overtime opportunities available to him that, if applied for, would have earned Plaintiff as much or more overtime pay, than he earned before transfer" from the ATEU. Mot. for Reconsideration at 2. Despite raising this argument, the District did not provide any evidence indicating that additional overtime hours were available to plaintiff in the new unit to which he was detailed, the Special Events Branch ("SEB"), or in any other MPD unit other than the ATEU. In response, the plaintiff provides a supplemental affidavit plausibly asserting that he already works as many overtime hours as he reasonably can obtain in the SEB and, if he were allowed to, he would obtain far more hours in the ATEU which has overtime hours available 24 hours per day, six days per week, 52 weeks per year. Aff. of Mark Robinson ¶¶ 3–5, ECF No. 35-1. The District did not file a reply brief in response, seemingly conceding the point. Thus, with this dispute of fact, the Court is left where it was before: "whether Mr. Robinson suffered an adverse employment action and/or a materially adverse employment action is a question for the finder of fact." Mem. Op. at 15, n.4 (Aug. 1, 2017) (citing *Ortiz-Diaz v. United States Dep't of Hous. & Urban Dev.*, 831 F.3d 488, 492 n.6 (D.C. Cir. 2016)). Accordingly, reconsideration is not justified as justice does not require it.

## IV. CONCLUSION

For the reasons set forth above, the District's Rule 54(b) Motion for Reconsideration is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 16, 2018
RUDOLPH CONTRERAS
United States District Judge